Thomas L. JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8612–CR–1021.

Supreme Court of Indiana.

May 9, 1988.

William C. Erbecker, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class C felony, for which he received five (5) years, Theft, a Class D felony, for which he received two (2) years, Burglary, a Class B felony, for which he received ten (10) years, enhanced by thirty (30) years by reason of his status as an habitual offender, and Theft, a Class D felony, for which he received two (2) years, all sentences to run concurrently with the exception of the last count of Theft, which is to run consecutively to all other counts.

The facts are: On November 18, 1985, at approximately 9:20 p.m., Eddie Bussell, the janitor in an apartment building on Washington Boulevard in Indianapolis, saw appellant and another man in the apartment building. He realized they were not tenants in the building and became suspicious. He called William Stoops, Jr., the owner of the building and told him about the two individuals. Stoops instructed him to check the building, which he did. He found that the workroom door, which had been nailed shut, had been broken open. He heard noises in the boiler room and entered whereupon he found appellant and another person. One of the individuals claimed that his girl friend lived in the building.

Bussell then again contacted Stoops and informed him of the situation. Stoops left immediately to investigate. On his way to the apartment building, Stoops stopped a police cruiser and advised the officers of what he had learned from Bussell. It was later learned that an apartment occupied by Obie Turner had been burglarized and several items taken. It was also learned that keys to some of the apartments in the building had been taken from the workroom, including the key to Turner's apartment.

At 9:59 p.m., police officers responded to a communication that there were three black males carrying a plastic bag in the 3400 block of North Kenwood Avenue. Upon investigating, the officers discovered appellant and two other persons standing on the porch of 3343 North Kenwood. Two cameras and a pair of wire cutters were on the floor of the porch. These items were later identified as stolen from Stoops' apartment building and Turner's apartment. Officer Jarvis then made a general search of the area and discovered a plastic bag with a video cassette recorder sticking out of it. It was later discovered that the video cassette recorder bore the serial number that Turner had given to police as the number on the set stolen from his apartment.

Appellant claims there is insufficient evidence to support the jury's verdict. Appellant primarily urges that the identification testimony of Bussell is not sufficient to sustain the conviction. Appellant quotes at length from a book entitled *P. Wall, Eye–Witness Identification in Criminal Cases* (1965) in which it is theorized that eyewitness identification is not necessarily very reliable. However, this is an argument to make to a jury, not to this Court. It is the province of the jury, not only in personal identification evidence but in all evidence submitted no matter how weak or how strong, to evaluate the evidence and to attempt to come to a conclusion as to the truth of the situation. This Court cannot reweigh the evidence and second-guess the jury as to the reliability of Bussell's identification of appellant. *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850.

Appellant also raises the question that no identifiable fingerprints were found in the apartment building, and there was no evidence the burglars were wearing gloves. However, such a lack of evidence is only one of the factors to be considered by the jury in their evaluation. It is not a situation to be evaluated by this Court.

Appellant also raises the question that at the time Officer Wilson confronted the three men on the porch where some of the stolen property was found, one of the men, Larry Hardy, stated that the video cassette recorder was given to him by a gentleman named Clarence who was driving a 1974 Oldsmobile with New Jersey license plates, and it was given to him because Clarence owed him money. As to the other property, he said that he bought the cameras off the street. All of this supposedly took place between 9:20 p.m., when the burglars were first seen in the apartment building, and approximately 10:00 p.m., when the officers accosted appellant and the other two men on the porch at 3343 North Kenwood.

Appellant claims there is further doubt as to his guilt because Dennis Jefferson, one of the three persons on the porch, testified that a "dude" he had never seen before had a trash bag with two cameras and a video cassette recorder in it, and he asked Jefferson and Hardy if they knew anyone who wanted to buy stolen goods. Hardy said, "[L]et me see what you got in the bag." Jefferson said when they advised him they did not want to buy the goods, they heard a gunshot and "this dude cut out, he took off running through the side of their house" leaving the goods in the trash bag. We fail to see how these two conflicting and improbable stories should impinge the verdict of the jury that appellant was one of the robbers.

Not only was Bussell's identification positive, but it was supported by the fact that the goods taken in the burglary were recovered within twenty minutes within the close proximity of appellant. The evidence is ample to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.